APRIL TERM, 1847.

## GEORGE PELLY vs. C. H. NICHOLSON.

A *bona fide* holder of a negotiable note, to whom it was assigned for a valuable consideration before it was due, is entitled to recover against the maker, notwithstanding he may have paid the amount of the note to the original payee.

The Judge charged the jury that the first ground of the defense, viz. : That the defendant had once paid the note to Wiley, and ought not to pay it a second time to plaintiff, when standing by itself, as an isolated defense, was an unsound one. That although the defendant might have paid it to Wiley, yet if the plaintiff took it before the day of its maturity, giving a valuable consideration for the same, and with no knowledge of fraud in its circulation, then he was an innocent, *bona fide* holder, and entitled to recover, however great the wrong on the part of the endorser. The judge stated it to be a well settled principle of commercial law, that a *bona fide* holder for value, and without notice, was entitled to recover upon any negotiable instrument received by him before it became due, notwithstanding any defect of title in the person from whom he received it ; and even though that person might have obtained the same by theft or robbery. That this doctrine might, and beyond question often did, work great hardship ; but that it was founded in the broad and liberal principles of public policy; and absolutely necessary to the security and circulation of negotiable instruments. That if it were not so, the negotiability of instruments would be entirely overthrown, and third persons could not recover notes, bills of exchange, etc., without incurring the risk of being ousted of their just rights by some defect or equity existing between the original parties, which it was impossible for them to foresee.

But though the first ground of the defense be an unsafe and unsound one, if the defendant has made good either of the other grounds, viz. : that plaintiff gave no consideration for the note, that he took it after it became due, or with knowledge of infirmities, then Pelly had no greater rights than Wiley, and if Wiley would fail in an action on the note, then plaintiff must.

The jury rendered a verdict for plaintiff in the sum of $515 77.

Mr. Jasper, for plaintiff.

Mr. DeFiennes, for defendant.